UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------
IN RE:

      R & J VENTURES, INC.                 CASE NO. 07-61462

                            Debtor        Chapter 7

---------------------------------------------------------
R & J VENTURES, INC.
                            Plaintiff

          vs.                   ADV. PRO. NO.  05-90086

CARMEN GENTILE, SR., CARMEN GENTILE,
JR., JO CHRISTINE WAGNER, WILLIAM D.
HARWOOD, JOSEPH PISANO, RICHARD
CASTIGLIA, BONNIE ALTARAC d/b/a
AFFORDABLE EQUIPMENT, ALLSHIELD
CORPORATION, GECKO, INC., and
ADIRONDACK WOOD PRODUCTS, INC.

                         Defendants
---------------------------------------------------------
IN RE:

      BARRITA CORPORATION         CASE NO. 07-61325

                            Debtors      Chapter 7

---------------------------------------------------------
BARRITA CORPORATION
                            Plaintiff

          vs.                   ADV. PRO. NO. 05-90085

CARMEN GENTILE, SR., CARMEN GENTILE,
JR., JO CHRISTINE WAGNER, WILLIAM D.
HARWOOD, JOSEPH PISANO, RICHARD
CASTIGLIA, BONNIE ALTARAC d/b/a
AFFORDABLE EQUIPMENT, ALLSHIELD
CORPORATION, GECKO, INC., and
ADIRONDACK WOOD PRODUCTS, INC.

                         Defendants
---------------------------------------------------------

APPEARANCES:

NAPIERSKI, VAN DENBURGH &              SHAWN T. NASH, ESQ.
   NAPIERSKI, LLP                        Of Counsel
Attorneys for the Plaintiffs
296 Washington Ave. Ext.
Albany, NY 12203

SNOW BECKER KRAUSS, P.C.               DEREK A. WOLMAN, ESQ.
Attorneys for Carmen Gentile, Sr., Carmen    Of Counsel
Gentile, Jr., Allshield Corporation, Gecko, Inc.
and Adirondack Wood Products, Inc.
605 Third Avenue, 25th Floor
New York, New York 10158


Hon. Stephen D. Gerling, Chief U.S. Bankruptcy Judge


### MEMORANDUM-DECISION, FINDINGS OF FACT,
### CONCLUSIONS OF LAW AND ORDER


Presently under consideration by the Court is a motion filed on July 11, 2007, as amended

on July 16, 2007, by certain Defendants in each of two adversary proceedings commenced on May

3, 2005, by R & J Ventures, Inc. and Barrita Corporations (collectively the "Debtors" or

"Plaintiffs").[1]   The Defendants[2] seek sanctions against the Debtors, Shawn T. Nash, Esq.

("Nash"), and Napierski, VanDenburgh & Napierski, LLP (Napierski law firm") and request

attorneys' fees of $36,533.20 and expenses of $2,405.57, as set forth in Defendants' Supplemental

---

[1]   The Court notes that although the caption lists the Debtors as the purported "Plaintiffs"
in the two adversary proceedings, the Court is of the opinion that the plaintiff in both adversary
proceedings should actually have been Philip J. Danaher, chapter 7 trustee ("Trustee") in the
underlying cases.  *See generally, In re Smith*, Case Nos. 06-4450, 06-5323, 2007 WL 3243846,
at *1 (2d Cir. Nov. 5, 2007) (noting the customary practice of listing the trustee in the caption of
the complaint).

[2]   The "Defendants" in connection with these motions for sanctions include Carmen
Gentile, Sr., Carmen Gentile Jr., Allshield Corporation, Gecko, Inc. and Adirondack Wood
Products, Inc.

3

Memorandum, dated August 27, 2007.[3]  The basis for the relief sought is Rule 9011 of the Federal

Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") and 28 U.S.C. § 1927.

The motions were originally scheduled to be heard on the Court's regular motion calendar

in Utica, New York, on July 31, 2007.[4]  They were adjourned to August 14, 2007, at which time

the Court heard oral argument.  The Court allowed the parties an opportunity to submit

memoranda of law, and the motions were submitted for decision on August 27, 2007.[5]

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of these adversary

proceedings and the related contested matters pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and

(b)(2)(O).

## FACTS

The Debtors filed voluntary petitions pursuant to chapter 7 of the Code on February 5,

2001.  According to the Debtors' complaints filed in the above-referenced adversary proceedings,

---

[3]  According to the certificates of service, the motions were only served on Nash and not on the Trustee (Dkt. No. 75 in Adv. Pro. 05-90085 and Dkt. No. 78 in Adv. Pro. 05-90086).

[4]  Although originally assigned to the Albany Division for the U.S. Bankruptcy Court, N.D.N.Y., both cases, as well as the pending adversary proceedings, were transferred to the Utica Division on March 8, 2007.

[5]  Because the motions involve a determination of similar issues in related adversary proceedings, the Court has consolidated them for purposes of hearing and decision.

4

the Debtors are New York corporations with a principal place of business located on Route 30,

Perth Plaza, Amsterdam, New York, where the Debtors operated a business known as "Italiano's

Café."  According to the "Plan of Bankruptcy" signed by Barry Greenough ("Greenough"), the

sole shareholder, director and president of both Debtors, and filed with the petitions, it was his

intent that the Debtors cease business operations and be dissolved.

At a hearing conducted on April 26, 2001, the Trustee represented to the Court that

"there's an allegation that somehow the creditor was involved with the person who signed for the

corporation who is not the President in some kind of arrangement that might be suspicious.  I've

recommended that we bring in a special counsel to look into matters . . . ."  *See* Transcript of

Hearing on April 26, 2001, at p. 4.  On July 24, 2002, the Trustee filed a motion seeking to have

the firm of Herzog, Engstrom & Koplovitz, Inc. appointed as Special Counsel to the Trustee.  The

Hon. Robert E. Littlefield, Jr., U.S. Bankruptcy Judge, to whom the case had previously been

assigned, signed an Order granting the motion on August 15, 2002.[6]  In the interim, on July 31,

2002, Greenough filed Amended Schedule B in both cases listing personal property, including a

"potential civil lawsuit for misappropriation of funds and other misconduct by various individuals

and entities." (Dkt. No. 16).

On April 5, 2004, an action was commenced in the U.S. District Court for the Northern

---

[6]  At some point Nash, who was the attorney acting on behalf of Special Counsel, joined the firm of Burke, Casserly & Gable, P.C.  On February 27, 2003, the Trustee filed a motion seeking to have Burke, Casserly & Gable, P.C. substituted as Special Counsel.  The Court signed an Order on March 20, 2003, approving the substitution.  On September 18, 2003, the Trustee made a similar motion requesting that Nash, who allegedly had left Burke, Casserly & Gable to form his own firm, be substituted as Special Counsel.  The Court signed an Order on October 17, 2003, approving the second substitution.  According to the dockets in both cases, no application was ever filed by the Trustee seeking to appoint the Napierski law firm, with whom Nash is currently associated, as Special Counsel.

5

District of New York by Greenough individually against, *inter alia*, the Defendants, pursuant to the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961 et seq. ("District Court action").  Greenough was represented in the District Court action by Warren Redlich, Esq. ("Redlich").[7]  On June 24, 2004, a motion to dismiss was filed by some of the defendants in the District Court action.  On August 13, 2004, the Hon. David N. Hurd, U.S. District Judge, U.S. District Court for the Northern District of New York, dismissed the complaint as to the RICO causes of action based on the four year statute of limitations  and dismissed certain state law causes of action for breach of contract, breach of fiduciary duty and breach of trust and confidence through deception also alleged in the complaint without prejudice.  *See* Transcript of Hearing held on August 13, 2004 at pp. 22-25, attached as Exhibit A of Affirmation of Derek Wolman, Esq. ("Wolman"), attorney for the Defendants, dated July 11, 2007.

On May 3, 2005, the two complaints herein were filed with this Court by Napierski, VanDenburgh & Napierski, LLP.  The complaints contain ten causes of action, four based on allegations of conversion, four based on allegations of fraud and one based on allegations of a breach of contract.[8]  The tenth cause of action seeks to set aside certain claims of the Defendants.

Motions to dismiss the complaints were filed between July 14, 2005 and September 22, 2005, by defendants Pat Baia, Jo Christine Wagner, Carmen Gentile, Sr., Carmen Gentile, Jr., Adirondack Wood Products, Inc., Allshield Corporation and Gecko, Inc.  Oral argument on the

---

[7] On May 19, 2004, the Trustee filed an application to employ Redlich as Special Counsel in the adversary proceedings pending herein.  The application was denied by Judge Littlefield on August 10, 2004, based on a finding of lack of disinterestedness.

[8] Pursuant to § 214 of the New York Civil Practice Law and Rules, a claim of conversion is subject to a three year statute of limitations.  A claim of fraud is subject to a six year statute of limitations pursuant to § 213(8) as is a claim of breach of contract § 213(2).

6

motions, as well as opposition by Nash, on behalf of the Debtors, was heard by Judge Littlefield

on October 5, 2005.  At that hearing, Nash acknowledged the lack of specificity contained in the

complaints.  He explained that because of concerns regarding the statute of limitations, the

complaints were filed with the intention of amending them after the deposition of certain

individuals.  Nash argued that the Plaintiffs should be given an opportunity to establish equitable

estoppel.  Nash agreed that if, after deposing the individuals, he was unable to establish a factual

basis for equitable estoppel, the causes of action alleged in the complaints would be time-barred.

On October 26, 2005, Judge Littlefield orally issued his Findings of Fact and Conclusions

of Law concerning the motions pursuant to Rule 12(b) of the Federal Rules of Civil Procedure

("Fed.R.Civ.P.").  The Court dismissed the complaints, finding not only that they failed to state

a cause of action based on their lack of specificity, but also that the causes of action were barred

by the applicable statute of limitations.  The Court concluded that the Plaintiffs had not met their

burden of establishing a basis for equitable estoppel.  Specifically, Judge Littlefield found that

they had not alleged any actions by the defendants that prevented or delayed the Plaintiffs from

pursuing their claims.  Nor had the Plaintiffs pled reliance on any alleged representations by the

Defendants that caused them not to timely commence the adversary proceedings.

On November 10, 2005, Judge Littlefield signed Orders dismissing the complaints as to

those defendants based on the doctrine of collateral estoppel and "because the claims are barred

by the applicable statute of limitations."  In addition, on December 22, 2005, Judge Littlefield

signed an Order dismissing the complaints as to Joseph Pisano and Richard Castiglia.  The only

two remaining defendants were Bonnie Altarac, d/b/a Affordable Equipment ("Altarac"), and

William D. Harwood ("Harwood"), both of whom had filed timely answers to the complaints and

7

had not joined in the motions to dismiss.[9]

Plaintiffs/Trustee did not appeal the Orders dismissing the complaints. However, on December 19, 2006, Nash filed a motion on behalf of the Plaintiffs in each of the adversary proceedings for permission to amend the complaints based on representations that Judge Littlefield had indicated that he would "permit the filing and service of an Amended Complaint should facts be discovered which would be sufficient to establish equitable estoppel with regard to the statute of limitations defense raised by the defendants." *See* Nash's Affirmation (undated) in Support of Motion to Amend Complaint at ¶5. In their opposition to the Plaintiffs' motions, the Defendants requested not only that it be denied but also that sanctions pursuant to Fed.R.Bankr.P. 9011 be imposed, "requiring the Debtors, the Chapter 7 Trustee and/or Special Counsel" to pay the Defendants' legal fees and costs. *See* Wolman Affirmation,, dated February 9, 2007. According to the oral record of the conference held on March 14, 2007, Judge Littlefield indicated that if any of the parties believed that there were grounds for seeking sanctions that they should make their request in a separate motion. Judge Littlefield signed Orders denying the Plaintiffs' motions to amend with prejudice on May 14, 2007 (Dkt. No. 59 in Adv. Pro. No. 05-90085 and Dkt. 58 in Adv. Pro. No. 05-90086). The Orders contained a provision indicating that

---

[9] On July 12, 2007, a Stipulation Discontinuing the Adversary Proceedings as to Altarac and Harwood was filed with the Court in each adversary proceeding. According to the entry on the docket (Dkt. No. 62 in Adv. Pro. No. 05-90086 and Dkt. No. 63 in Adv. Pro. No. 05-90085), the documents were to be ignored because they had to be filed conventionally, rather than electronically. On September 18, 2007, the Court signed an Order approving a Stipulation dismissing both Adversary Proceedings (Dkt. No. 85 in Adv. Pro. No. 05-90086 and Dkt. No. 82 in Adv. Pro. No. 05-90085) as to Altarac and Harwood.

"Defendants[10] may make a separate motion for sanctions."

At the hearing before this Court on August 14, 2007, Nash represented to the Court that the denial of his motions to amend the complaints was based on a finding by Judge Littlefield that the facts asserted in the motions still did not satisfy the requirements for equitable estoppel. Indeed, a review of the oral record of the conference held on March 14, 2007, indicates that Judge Littlefield found that the amended complaints simply provided more specificity to the facts set forth in the original complaints that had been dismissed based on the statute of limitations. Judge Littlefield also based his denial of the Plaintiffs' motions on the delay of approximately one year between his dismissal of the complaints in November 2005 and the filing of the motions to amend the complaints in December 2006, indicating that "if something were going to be done, it should have been done long before this." Recording of March 14, 2007 Conference in Judge Littlefield's Chambers.

## DISCUSSION

As an initial matter, the Court notes that in their motions filed in the adversary proceedings, Defendants request sanctions against the Debtors, Nash and the Napierski law firm, the latter two being identified as "attorneys for Debtors." The Court must point out that neither Nash, nor the Napierski law firm, are "attorneys for Debtors." As noted above, Nash was previously appointed as special counsel to the Trustee, not the Debtors. Furthermore, the

---

[10] Although identified as one of the "Defendants" in the Judge Littlefield's Order of May 14, 2007, Altarac, who is represented by William B. Schiller, Esq., is not among the Defendants seeking sanctions herein.

Napierski law firm has never been appointed by the Court in any capacity.  According to the Certificate of Service, signed by Wolman and filed on July 17, 2007 in both adversary proceedings, only Nash was served with the motions now under consideration by the Court.[11]

The United States Court of Appeals for the Second Circuit some twenty years ago reviewed the basis for the imposition of sanctions on both attorneys and parties "with a view toward facilitating disposition of future disputes in this area."  *See Oliveri v. Thompson*, 803 F.2d 1265, 1271 (2d Cir. 1986).  Applicable to the matter presently before this Court is the Second Circuit's discussion of a court's inherent power to control its own proceedings, as well as its power pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11.  With respect to the court's inherent power to make an award of attorney's fees, awards may be made against the losing party or the attorney for the losing party upon clear evidence that the action was commenced or continued "in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 1272.  On the other hand, awards of attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1927 are made only against attorneys or other individuals authorized to practice before the court.  *Id.* at 1273.  The latter requires a clear showing of bad faith on the part of the attorney whose actions are found to have been without merit "as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Id.; see also State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (noting that an award of attorney's fees,

---

[11] From the Court's perspective, the service of the motion on Nash to the extent that it seeks sanctions against the Napierski law firm raises serious due process concerns since there is no indication whether the law firm was even aware of the request for sanctions against it.  In his memoranda of law filed in opposition to the motions for sanctions, Nash submits them on behalf of himself individually as special counsel and on behalf of the Debtors.  He makes no reference to the Napierski law firm and signs the memoranda individually.  This issue is rendered moot, however, given the Court's ultimate conclusions herein.

10

excess costs and expenses are appropriate against an attorney "who so multiplies the proceedings

in any case unreasonably and vexatiously . . . ."). Finally, under Fed.R.Civ.P. 11,[12] attorney's fees

may be imposed either on the attorney who signed the pleading, motion or other paper during the

course of the proceedings or on the party he/she represents, or on both.[13] *Oliveri*, 803 F.2d at

1274. An award of sanctions pursuant to Rule 11 is appropriate "when it appears that a competent

attorney could not form the requisite reasonable belief as to the validity of what is asserted in the

paper." *Id.* at 1275. Thus, Rule 11 is violated "when it is 'patently clear that a claim has

absolutely no chance of success.'" *Id.*, quoting *Eastway Const. Corp. v. City of New York*, 762

F.2d 243, 254 (2d Cir. 1985); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 70 (2d Cir. 2006)

(indicating that "Rule 11(b) is violated when an attorney presents a pleading for an improper

purpose or presents a frivolous claim or legal contention . . . .").


Sanctions pursuant to Fed.R.Bankr.P. 9011/Fed.R.Civ.P. 11

_____Defendants' motions seek sanctions against Nash, the Napierski law firm and the Debtors.

As an initial matter, the Court notes that previously sanctions sought pursuant to Fed.R.Bankr.P.

9011 were held inapplicable to the law firm of an attorney. *In re Dubrowsky*, 206 B.R. 30, 36

---

[12] Fed.R.Bankr.P. 9011 parallels Fed.R.Civ.P.11 and "'application of Rule 9011 is informed by Rule 11 jurisprudence.'" *In re Highgate Equities, Ltd.*, 279 F.3d 148, 151 (2d Cir. 2002), quoting *Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.),* 931 F.2d 222, 227 (2d Cir. 1991); *see also In re Intercorp Int'l. Ltd.,* 309 B.R. 686, 693-94 (Bankr. S.D.N.Y. 2004) (noting that "jurisprudence under Rule 11 informs the interpretation and application of Fed.R.Bankr.P. 9011").

[13] Fed.R.Bankr.P. 9011(c)(2)(A) provides that "sanctions may not be awarded against a represented party for a violation of subdivision (b)(2), which addresses claims, defenses, and other legal contentions certified in the signed document or pleading as being warranted by existing law.

(Bankr. E.D.N.Y. 1997), *aff'd*, 244 B.R. 560 (E.D.N.Y. 2000).  However, in 1997 Congress amended the Rule to conform to the 1993 changes to Fed.R.Civ.P. 11.  One such change  was to make a law firm jointly responsible for violations committed by its partners, associates and employees.  *See Prim v. Peatco Ltd., L.P.*, Case No. 90 Civ. 7272, 1995 WL 447648, at *1 (S.D.N.Y. July 27, 1995).   Therefore, where appropriate, sanctions may be imposed against an individual attorney, a law firm and/or the client pursuant to Fed.R.Bankr.P. 9011.

*Safe Harbor Provision*

Nash contends that the Defendants' motions based on Fed.R.Bankr.P. 9011 are procedurally defective in that they failed to serve the motions on him at least twenty-one days prior to filing the motions with the Court.  At the hearing on August 14, 2007, the Defendants argued that they were relieved of the "safety harbor" requirement when Judge Littlefield on March 14, 2007, indicated that if any party believed there were grounds for sanctions they would need to make separate motions in the adversary proceedings.

A similar argument was made by the defendants in *Photocircuits Corp. v. Marthon Agents, Inc.*, 162 F.R.D. 449 (E.D.N.Y. 1995).  In that case, the court dismissed the action and granted the defendants leave to seek sanctions "if they desire to do so." *Id.* at 452.  However, in connection with the motion for sanctions subsequently filed, the court found that "[t]he granting of such leave in no way was intended, nor could it circumvent the amended provisions of Rule 11." *Id.*

A similar finding was made by the court in *In re Galgano*, 358 B.R. 90 (Bankr. S.D.N.Y. 2007) in response to the argument that there had been no compliance with the safe harbor provision because "we were bringing our motion in conjunction with the Court's endorsement,

or what we perceived as approval in bringing such a motion." *Id.* at 99.  The court in *Galgano* denied the motion for sanctions, relying on the case of *In re Stevens*, Case No. 98-11181, Adv. Pro. 99-01040, 2001 WL 34093946 (Bankr. D.Vt. 2001).

In *Stevens* a request for sanctions had been included in the objection to the plaintiff's motion to amend its complaint.  The court denied the motion for sanctions because it had not been set forth in a separate motion.  *Id.* at *2.  The defendants then filed a motion for sanctions pursuant to Fed.R.Bankr.P. 9011, but it was not served on plaintiff's counsel 21 days before it was filed with the court as required by Fed.R.Bankr.P. 9011(c)(1)(A).  *Id.* at *3.  The defendants argued that the plaintiff had received prior notice thereby relieving them of having to comply with the 21 day requirement.  *Id.*  In the interim, the plaintiff filed a motion to amend its complaint a second time in order to include additional factual allegations based on subsequent discovery.  The court recognized that the "restated motion" was an attempt to cure the defects identified by the defendants; however, the court denied the motion based on its prior ruling and reserved its decision on the request for sanctions.  *Id.* at *4. Ultimately, the court concluded that "[s]ince compliance with [the safe harbor] requirement is mandatory, an award of sanctions herein is impermissible, regardless of the merits of the sanction request . . . . I will require strict compliance with Rule 9011 in the interests of due process and fundamental fairness as a prerequisite to the awarding of sanctions in this court."  *Id.*

In this case, the Defendants initially requested sanctions in their opposition to Plaintiffs' motions, filed February 9, 2007, rather than filing separate motions as required by Fed.R.Bankr.P.

13

9011. They did not file their motions for sanctions until July 16, 2007,[14] some two months after

Judge Littlefield signed the Orders denying the Plaintiffs' motions to amend the complaints.  The

Defendants certainly had time in February 2007 to comply with the requirements of

Fed.R.Bankr.P. 9011,  namely serving Nash with separate motions for sanctions twenty-one days

prior to filing them with the Court.  Furthermore, as suggested by the Court in *In re M.A.S. Realty*

*Corp.*, 326 B.R. 31 (Bankr. D.  Mass. 2005), the Defendants could have asked the Court to hear

their motions for sanctions on shortened notice or by Order to Show Cause or could have

requested that the hearing on the Plaintiffs' motions to amend be adjourned or that the Court

refrain from entering an order until the Defendants' motions for sanctions could be heard. *Id.* at

40.  The Defendants took none of those actions.

Once Judge Littlefield signed the Orders denying Plaintiffs' motions to amend their

complaints based on a finding that their claim of equitable estoppel lacked merit, relief pursuant

to Fed.R.Bankr.P. 9011, based on the filing of those motions, was no longer available to the

Defendants.[15] *Id.* at 39 (indicating that "a motion [for sanctions pursuant to Fed.R.Bankr.P. 9011]

filed after a judgment has been entered is procedurally defective") (citing *In re Pennie & Edmonds*

*LLP,* 323 F.3d 86, 89 (2d Cir. 2003); *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir.

1997) (stating that "a party cannot wait to seek sanctions until after the contention has been

---

[14] Defendants' original motions for sanctions were filed on July 11, 2007.  However, they were sent a deficiency notice by the Clerk's Office because the motions failed to comply with Fed.R.Bankr.P. 1005 and/or 9004(b) "in that the title of the case and/or the docket number are missing.  (Need to add the Utica main case number in caption)."  (Dkt. No. 64 in Adv. Pro. 05-90085 and Dkt. No. 63 in Adv. Pro. 05-90086).

[15] The Court notes that in giving the Defendants the opportunity to seek sanctions against Nash, Judge Littlefield made no specific reference to Fed.R.Bankr.P. 9011 in his Orders of May 14, 2007.

14

judicially disposed")).  Thus, the Court concludes that to the extent that the Defendants' motions

for sanctions are based on Fed.R.Bankr.P. 9011, they are procedurally defective and must be

denied as to Nash, the Napierski law firm and the Debtors.


Sanctions pursuant to 28 U.S.C. § 1927[16]

_____Defendants also request sanctions against Nash, the Napierski law firm and the Debtors

pursuant to 28 U.S.C. § 1927. An award of sanctions pursuant to 28 U.S.C. § 1927 is warranted

"'only when there is a finding of conduct constituting or akin to bad faith.'" *Galgano*, 358 B.R.

at 103, quoting *Sakon v. Andrea*, 119 F.3d 109, 114 (2d Cir. 1997).  As noted previously, under

this standard, the Defendants must establish that the actions which serve as the basis for the

sanctions were "'so completely without merit as to require the conclusion that they must have

been undertaken for some improper purpose such as delay.'"  *Inversiones Errazuriz*, 374 F.3d at

180, quoting *In re 60 East 80th Street Equities*, 218 F.3d 109, 115 (2d Cir. 2000).

    As an initial matter, this particular statute does not permit the recovery of costs from a

party.  *Brignoli v. Balch Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 101-102 (S.D.N.Y. 1990).

In addition, there appears to be a split in authority regarding whether sanctions may be imposed

on law firms pursuant to 11 U.S.C. § 1927.  *See Sangui Biotech Internat'l, Inc. v. Kappes,* 179

F.Supp.2d 1240, 1245 (D. Colo. 2002).  *Compare Claiborne v. Wisdom*, 413 F.3d 715, 724 (7th

Cir. 2005) (concluding that § 1927 "does not provide a legal basis for an order of fees against an

---

    [16] Some courts have concluded that bankruptcy courts lack jurisdiction to impose
sanctions pursuant to § 1927.  However, the Court of Appeals for the Second Circuit found that
a bankruptcy court may impose sanctions under that section without any discussion of the
jurisdictional issue.  *See In re Cohoes Indus. Terminal, Inc.,* 931 F.2d at 230.

15

entity like a law firm that is not itself 'admitted to practice'")*with Brignoli*, 735 F.Supp. at 102

(imposing sanctions on law firm pursuant to 28 U.S.C. § 1927). Ultimately, the court in *Sangui*

*Biotech* concluded that it would impose sanctions on the individual attorneys, rather than on the

law firm itself, noting the wording in § 1927 which refers to "[a]ny attorney or person admitted

to conduct cases . . ." and provides that an attorney may be required to "satisfy personally" any

award of sanctions. *See Sangui Biotech*, 179 F.Supp.2d at 1245.

In this case, the Court need not decide this issue because any award of sanctions against

the Napierski law firm pursuant to 28 U.S.C. § 1927 would require that the Defendants show "bad

faith" on the part of the firm. *Id.*; *See Prim v. Peatco, Ltd., L.P.*, Case No. 90 Civ. 7272, 1994

WL 570754, at *4 n. 2 (S.D.N.Y. Oct. 17, 1994). The Defendants have not pointed to any

conduct by the Napierski law firm or any other members of the firm, except Nash, which falls

within 28 U.S.C. § 1927. Accordingly, their motion must be denied as to the Napierski law firm.

In connection with the sanctions requested by the Defendants against Nash pursuant to 28

U.S.C. § 1927, the Court's focus must be on the Debtors' request to file amended complaints after

Judge Littlefield had dismissed the original complaints based on the statute of limitations. The

Court's focus is not on the contents of the amended complaint itself, however. *See Stevens*, 2001

WL 34093946 at *5 n.2 (pointing out that the sanctions sought by the defendants applied only to

the motion seeking to again amend the complaint, not to the amended complaint itself which

"never became effective as a pleading" as result of the court's denial of the "restated motion").

Rather, the Court must direct its analysis to whether the defense of equitable estoppel had any

merit when Nash sought to amend the complaints, which had previously been dismissed.

By denying the motions to amend the complaints, Judge Littlefield obviously found no

merit to Nash's argument that equitable estoppel applied.  Nash asserted that the Court should permit the filing and service of the amended complaints "because evidence has been discovered which will permit the Court to determine that the defendants should be estopped from asserting the statute of limitations as a defense."  Affirmation (undated) of Nash in Support of Motion to Amend Complaint at ¶ 15.  However, most of the factual allegations made on behalf of the Plaintiffs following depositions of certain individuals concern the activities that serve as the basis for the complaints.  It appears that the only basis for seeking to amend their complaints based on equitable estoppel was the contention on behalf of the Plaintiffs that Defendant Carmine Gentile, Jr. possessed the Debtors' books and records, which he had refused to turn over.  According to the Plaintiffs, without those books and records, as well as the deposition of certain individuals, they were unaware that viable causes of action for conversion and/or fraud existed before the statute of limitations had run.  The question is whether it was a reasonable and valid basis for asserting the claim of equitable estoppel approximately a year after the original complaints had been dismissed on the grounds of the statute of limitations or whether asserting the claim was completely without merit.

The Court is at a loss to find a reasonable basis for Nash having filed the motions seeking to amend the complaints based on equitable estoppel grounds on December 19, 2006.  "The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense." *Zumpano v. Quinn*, 6 N.Y.3d 666, 673, 849 N.E.2d 926, 929, 816 N.Y.S.2d 703, 706 (N.Y. 2006).  Equitable estoppel will apply "'where the plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action.'" *Id.* at 674 (citation omitted).  As Judge Littlefield pointed out, Nash had not asserted that the Defendants

17

took active steps to prevent him or the Trustee from timely commencing the adversary proceedings by hiding evidence or promising not to assert the statute of limitations as a defense. *See Hentosh v. Herman M. Finch University of Health Sciences,* 167 F.3d 1170, 1174 (7th Cir. 1999). Furthermore, Nash had not established that there was any actual and reasonable reliance on some fraud and/or misrepresentations on the part of the Defendants that caused him not to timely commence the adversary proceedings. *Id.* Nor did he establish that even had he exercised due diligence, he would not have become aware of the causes of action within the applicable limitation period because of the Defendants' fraud and/or misrepresentation.

Nash argues that his raising the claim of equitable estoppel was reasonable and cites to the case of *General Stencils, Inc. v. Chiappa,* 18 N.Y.2d 125, 219 N.E.2d 169 (N.Y. 1966) in support of his argument. In *Chiappa* the plaintiff sought to recover funds allegedly converted out of petty cash by the defendant while employed as head bookkeeper for the plaintiff between January 1953 and July 1962. The court pointed out that lack of discovery of the wrong was not sufficient to toll the statute of limitations, which commenced when the wrong was perpetrated. *Id.* at 127, 219 N.E.2d at 171. The trial court found that the claims of the plaintiff that had accrued prior to 1961 were time barred. On appeal, the plaintiff argued that equitable estoppel should apply because of the defendant's concealment of the alleged conversion. The court concluded that a new trial was needed to resolve issues of fact raised by the defendant in opposition to the assertion by the plaintiff of equitable estoppel, namely, that it was "solely due to the negligence of the plaintiff and the acquiescence of its corporate officers that it was unable to discover the conversion until several years had elapsed." *Id.* at 128-29, 219 N.E.2d at 171.

In this case, it appears that Nash would have the Court bless his failure, as well as that of

the Trustee, to timely obtain the books and records of the Debtors, including those relating to

Italiano's Café. Nash argues that Judge Littlefield "invited a new complaint with sufficient facts."

However, a review of the oral record of the telephone conference held on October 26, 2005,

indicates that Judge Littlefield was of the opinion that the Plaintiffs must first establish that the

Defendants' actions prevented or delayed the Plaintiffs from pursuing their claims. At the hearing

on March 14, 2007, Judge Littlefield reiterated his prior willingness to consider granting equitable

relief in the event that the Plaintiffs were able to provide additional facts to support their claim

of equitable estoppel. The fact that Nash may have obtained additional information through

discovery following the telephone conference on October 26, 2005, concerning dates and amounts

with which to supplement the allegations in the original complaints of conversion and fraud does

not remedy the fact that the statute of limitations had run on the causes of action when the

adversary proceedings were commenced.

There are several problems that the Court perceives with the position taken by Nash in

pursuing the causes of action. To begin with, the Debtors filed their petitions on February 5,

2001. The Trustee was appointed on February 6, 2001, and the first meeting of creditors was

scheduled for March 21, 2001 in both cases. As early as April 26, 2001, the Trustee alleged that

one of the creditors of the Debtors had a relationship with someone who was signing on behalf

of the corporation without authorization. As these were corporate chapter 7 cases, the Trustee had

an obligation to obtain and review the records of the Debtors, including the records involving the

operation of the business known as "Italiano's Café." Pursuant to Code § 542(e), the Trustee was

within his rights to seek an order from the Court requiring the turnover of recorded information

held by an accountant which related to the Debtors' property or financial affairs. However, a

19

review of the dockets in both cases reveals no such motion by the Trustee.

There is also the fact that on July 31, 2002, Greenough filed an Amended Schedule B in both cases listing personal property consisting of a "potential civil lawsuit for misappropriation of funds and other misconduct by various individuals and entities." Nash was first appointed special counsel to the Trustee approximately two weeks later on August 15, 2002. Yet, the adversary proceedings were not commenced until May 3, 2005, approximately nine months after Judge Hurd dismissed the complaint filed by Greenough on the same factual background as the causes of action presented to this Court because the four year statute of limitations had run with respect to his RICO causes of action.

Thus, it would appear that the Trustee knew of the possibility of conversion perhaps as early as April 2001 and certainly by July 2002 when Greenough amended the Debtors' schedules. There is nothing in the arguments made by Nash to suggest that there was anything preventing him from commencing the adversary proceeding on behalf of the Trustee in August 2002 when he was first appointed. The Court must conclude that the assertion by Nash of equitable estoppel as a basis for allowing him to amend the complaints in December 2006 based solely on the fact that the books and records of the Debtors were unavailable prior to the running of the statute of limitations was completely without merit and that sanctions are appropriate against Nash pursuant to 28 U.S.C. § 1927.

Counsel for the Defendants have submitted their time records in support of their request for $36,533.20 in attorneys' fees and $2,405.57 in expenses. In making an award to the Defendants, the Court must review said time records to assure that the only fees appropriate under the circumstances of these proceedings are those addressing Nash's assertion of the defense of

20

equitable estoppel in connection with his motions to amend the complaints, which the Court has found to be without merit. *See Stevens*, 2001 WL 34093946 at *5 n.2. The time records submitted to this Court include time spent by the Defendants in countering assertions made in the proposed amended complaints and in making their own assertions concerning the statute of limitations, as evidenced by the memoranda they filed opposing the Plaintiffs' motions. Upon review of said time records, it is impossible for the Court to determine which hours were spent addressing the limited issue of equitable estoppel and not on addressing the allegations in the amended complaints. Time spent on behalf of the Defendants in connection with the motions now under consideration is also relevant to an award of sanctions. Accordingly, the Court would request that Defendants' counsel submit redacted time records addressing only those matters.

Based on the foregoing, it is hereby

ORDERED that Defendants' motions for sanctions in connection with Adversary Proceeding 05-90085 and 05-90086 pursuant to Fed.R.Bankr.P. 9011 are denied against Nash, the Napierski law firm and the Debtors; it is further

ORDERED that Defendants' motions for sanctions in connection with Adversary Proceeding 05-90085 and 05-90086 pursuant to 28 U.S.C. §1927 against the Napierski law firm, as well as the Debtors, are denied; it is further

ORDERED that Defendants' motions for sanctions in connection with Adversary Proceeding 05-90085 and 05-90086 pursuant to 28 U.S.C. §1927 are granted against Nash; and it is further

ORDERED that Defendants file with the Court and serve upon Nash redacted time records to reflect reasonable fees incurred in connection with the limited issue of equitable estoppel and

21

the issue of sanctions for the Court's review and consideration in connection with an award

pursuant to 28 U.S.C. § 1927 within 30 days of the date of this Order.


Dated at Utica, New York

this 4th day of December 2007


                                        /s/    Hon. Stephen D. Gerling
                                        STEPHEN D. GERLING
                                        Chief U.S. Bankruptcy Judge